**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

      Plaintiff,

v.                          Case No.

HONG STAFFORD,

      Defendant.

_____/

Plaintiff American General Life Insurance Company hereby respectfully submits its Complaint for Declaratory Judgment against Defendant Hong Stafford, and states as follows:

## Parties

1.     American General Life Insurance Company ("American General") is a corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas.

2.     Hong Stafford ("Stafford") is a citizen of the State of Florida.

## Jurisdiction and Venue

3.     American General and Stafford are citizens of different states and, as more fully set out below, the matter in controversy exceeds the sum of $75,000,

exclusive of interest and costs. Thus, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

4.     This Court is the proper venue of this declaratory judgment action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Pasco County, Florida, which is in the Middle District of Florida pursuant to 28 U.S.C. § 89(b).

5.     American General seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

### Factual Background

6.     American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

7.     On or about May 21, 2024, Stafford applied for a $500,000 life insurance policy and a $1,000,000 life insurance policy with American General.

8.     Stafford completed Individual Life Insurance Application Single Insured – Part A and Life Insurance Application Part B (Medical History) in which she responded to a series of questions seeking material information regarding, among other things, her health and medical history.

2

9.      Stafford signed Part A and Part B of the Application.

10.     Stafford knew she was required to provide complete, accurate, and honest answers to the questions presented in Part A and Part B of the Application.

11.     Stafford also knew American General would rely on her answers in Part A and Part B of the Application in determining whether to issue the policies to her.

12.     Part A of the Application contained the following affirmation above Stafford's signature:

> I, the Primary Proposed Insured (and any Owner signing below) acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.
>
> Except as may be provided in any Limited Temporary Life Insurance Agreement ("LTLIA"), I understand and agree that, even if I pay a premium, no insurance will be in effect under this application or under any new policy or any rider(s) that may be issued by the Company unless or until all three of the following conditions are met: (1) the policy has been delivered and accepted; (2) the first full model

premium for the issued policy has been paid; and (3) there has been no change in the health of any Proposed Insured(s) that would change the answer to any question on the application before items (1) and (2) in this paragraph have occurred.  I understand and agree that, if all three conditions above are not met: (1) no insurance will be in effect; and (2) the Company's liability will be limited to a refund of any premiums paid, regardless of whether loss occurs before premiums are refunded.

13.    Part B of the Application contained a similar affirmation above

Stafford's signature:

I, the Proposed Insured signing below, acknowledge that I have read the statements contained in this application and any attachments or they have been read to me. My answers to the questions in this application are true and complete to the best of my knowledge and belief. I understand that this application: (1) consists of Part A, Part B, and if applicable, related attachments including certain questionnaire(s), supplement(s) and addendum(s); and (2) is the basis for any policy and any rider(s) issued. I understand that no information about me will be considered to have been given to the Company by me unless it is stated in the application. I agree to notify the Company of any changes in the statements or answers given in the application between the time of application and delivery of any policy. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

14.    On or about June 20, 2024, Stafford signed a Policy Acceptance and

Amendment of Application form, which contained the following affirmation:

I represent, on behalf of myself and any person who may have been proposed for insurance, that to the best of my knowledge and belief:

1. There have been no changes since the date of the application in my health or in any other condition; and

4

2. Neither I nor any other proposed insured has, since the date of the application:

> a. Consulted a licensed health care provider or received medical or surgical advice or treatment; or

> b. Acquired any knowledge or belief that any statements made in the application are now inaccurate or incomplete.

15. The Policy Acceptance and Amendment of Application Form further stated Stafford "agree[d] that this Policy Acceptance and Amendment of Application will be made a part of the policy." *See id.*

16. On or about July 2, 2024, American General issued life insurance policy number 4249611474 with a face amount of $500,000 insuring the life of Stafford.

17. On or about July 17, 2024, American General issued life insurance policy number 4249615952 with a face amount of $1,000,000 insuring the life of Stafford.

18. Policy number 4249611474 and 4249615952 are referred to together herein as the "Policies."

19. Stafford is the owner of the Policies. *See id.*

20. The Policies identify three conditions precedent before any coverage comes into effect: (1) the Policies must be delivered and accepted; (2) the full first modal premium must be paid; and (3) there must have been no change in the

5

health of Stafford that would change her answers to any of the questions in Part A and Part B of the Application. *See id.*

21.     Following the issuance of the Policies, American General obtained additional information indicating that a number of Stafford's representations on Part B of the Application concerning her medical history were false when the Application was signed and/or false at the time the Policies were placed in force.[1]

22.     Specifically, Stafford made material misrepresentations and omissions in response to Questions 1, 5B3, 5H2, and 5L of Part B of the Application.

23.     For Question 1 requesting Stafford provide "Date of last office visit, reason, findings and treatment" with her personal physician, she responded "02/2024 annual ✓up all results good."

24.     For Question 5B3 asking "Has the Proposed Insured ever been diagnosed as having, been treated for, or consulted a member of the medical profession for: cancer, leukemia, lymphoma, tumors or growths, masses, cysts or other similar abnormalities?," Stafford responded "No."

25.     For Question 5H2 asking "Other than previously stated, in the past 5 years, has the Proposed Insured: been advised by a member of the medical profession concerning any abnormal diagnostic test results, been advised to see a

---

[1] Pursuant to federal privacy laws and the Federal Rules of Civil Procedure, American General is unable to further elaborate on the exact nature of Stafford's misrepresentations. If required at some later time, American General will file the relevant materials under seal with the Court.

specialist, or been advised to have any diagnostic test, hospitalization, surgery, or treatment that was NOT completed (except for those tests related to the Human Immunodeficiency Virus), or does the proposed insured have any test results pending?," Stafford responded "No."

26. For Question 5L asking "Has the Proposed Insured been treated for or been diagnosed by a member of the medical profession for any other medical, physical, or psychological condition NOT disclosed above?," Stafford responded "No."

27. Stafford's responses to each of the above-listed questions were false.

28. Stafford's responses to each of the above-listed questions were material.

29. Stafford's material misrepresentations and omissions in response to each of the above-listed questions were made fraudulently and knowingly.

30. American General relied on Stafford's responses to each of the above-listed questions in issuing the Policy.

31. Had American General's underwriters been aware of Stafford's true medical condition and the true facts concerning her health history and conditions, American General would not have issued the Policies.

32. On or about November 6, 2024, American General informed Stafford by letters that based upon the material misrepresentations and omissions in the

Application and the failure of necessary conditions precedent for coverage to be in effect, the Policies were being rescinded and all premiums paid refunded to her.

33. The November 6, 2024 letters enclosed Voluntary Rescission Agreements for the Policies for Stafford to execute and return to American General if she agreed to rescission of the Policy.

34. The November 6, 2024 letters also enclosed refund checks for all premiums paid for the Policies.

35. Stafford deposited the premium refund checks on or about December 9, 2024.

36. However, as of this date, American General has not received signed Voluntary Rescission Agreements.

### Count One
### Declaratory Judgment Based on Failure of Conditions Precedent

37. American General incorporates Paragraphs 1-36 herein by reference.

38. Before any coverage under the Policies comes into effect, the following three things must occur: (1) the subject Policy must be delivered and accepted, (2) the full first modal premium for the Policy must be paid, and (3) there has been no change in the health of Stafford that would change the answers to any of the questions in the Application.

39. Stafford's medical records demonstrate that she had significant changes in her health, condition, treatment, and diagnosis history before the

Policies were placed into effect, which would change her responses to the questions in the Applications.

40. As a result, necessary conditions precedent for the Policies to take effect were not satisfied.

41. American General is therefore entitled to a judicial declaration stating that the Policies did not take effect due to the failure of necessary conditions precedent.

42. An actual controversy exists as to whether the Policies took effect due to the failure of necessary conditions precedent.

43. A declaratory judgment regarding whether the Policies took effect due to the failure of necessary conditions precedent will completely resolve the controversy between the parties.

**Count Two**
**Declaratory Judgment Based on Misrepresentation**

44. American General incorporates Paragraphs 1-43 herein by reference.

45. Stafford knowingly made material misrepresentations and omissions on Part B of the Application. These misrepresentations and omissions increased American General's risk of loss by reasonably influencing the judgment of American General in issuing the Policies.

46. Stafford's misrepresentations on Part B of the Application were made fraudulently and knowingly.

9

47.     Stafford's misrepresentations on Part B of the Application were material.

48.     American General in good faith would not have issued the Policies had Stafford's true medical history and conditions been known. American General was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability.

49.     Neither American General nor its agent had any knowledge of the falsity of Stafford's misrepresentations on Part B of the Application prior to the issuance of the Policy.

50.     American General is therefore entitled to a judicial declaration pursuant to Fla. Stat. § 627.409 stating that: (a) the Policies did not take effect due to Stafford's material misrepresentations and omissions; and/or (b) the Policies were void *ab initio* as a result of these misrepresentations and omissions.

51.     An actual controversy exists as to whether the Policies were properly rescinded.

52.     A declaratory judgment regarding whether the Policies were properly rescinded will completely resolve the controversy between the parties.

### Requested Relief

WHEREFORE, Plaintiff American General Life Insurance Company respectfully requests that the Court:

(a)     declare American General Life Insurance Company was entitled to rescind life insurance policy number 4249611474 insuring the life of Hong Stafford and the Policy to be void *ab initio*;

(b)     declare American General Life Insurance Company was entitled to rescind life insurance policy number 4249615952 insuring the life of Hong Stafford and the Policy to be void *ab initio*; and

(b)     award American General Life Insurance Company such other and further relief as the Court deems just and proper.

Dated:        March 23, 2026              Respectfully submitted,

              **BRESSLER, AMERY & ROSS, P.C.**

              *s/ Louis F. Mendez*
              David P. Donahue
              Fla. Bar No. 119885
              Louis F. Mendez
              Fla. Bar No. 99558
              2001 Park Place, Suite 1500
              Birmingham, AL 35203
              Telephone: (205) 719 0400
              ddonahue@bressler.com
              lmendez@bressler.com

              *Attorneys for Plaintiff American General Life Insurance Company*

**DEFENDANT TO BE SERVED BY PROCESS SERVER:**

Hong Stafford
13937 Thoroughbred Dr.
Dade City, FL 33525

11